

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Stanton Lawyer*
*Assistant United States Attorney*
*Stanton.Lawyer@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4936*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

April 10, 2025

The Honorable Stephanie A. Gallagher
United States District Judge
United States District Court for the District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

    Re:    <u>United States v. Fred Primus</u>
            Criminal No. SAG-21-0286

Dear Judge Gallagher:

      I write to state the government's sentencing recommendation in the above-referenced case for the Defendant, Fred Primus ("Primus"). On October 11, 2024, Primus pled guilty to Count One of a Superseding Information that charged him with 21 U.S.C. § 843(b) (*Use of a Telecommunications Facility in Committing a Drug Felony*). ECF No. 559. For the reasons discussed below, the government respectfully requests that the Court impose a 48-month term of imprisonment, which is sufficient but not greater than necessary to achieve the goals of sentencing. The government notes at the outset that 48 months is also the recommendation of the United States Probation Office as presented in the Presentence Investigation Report (PSR).

## Sentencing Procedure

      In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court set forth a multi-step process for imposing sentence in a criminal case. *Id*. at 51-52. A sentencing court should begin by correctly calculating the applicable guidelines range. *Id*. at 49. After providing the parties with an opportunity to present argument, the district court should then consider the factors set forth in 18 U.S.C. § 3553(a). *Id*. at 49-50. *See also United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011).

## Sentencing Guidelines Calculation

      The government agrees with the findings of PSR, which we believe accurately reflects Primus' Guidelines calculations. The base offense level is 30 pursuant to U.S.S.G. § 2D1.6 and U.S.S.G. § 2D1.1 because the offense involved at least 5 kilograms of cocaine. The government does not oppose a 2-level reduction in Primus' adjusted offense level pursuant to U.S.S.G. §

3E1.1(a). The government does not oppose an additional 1-level decrease pursuant to U.S.S.G. § 3E1.1(b). Therefore, Primus' total offense level is **27**.

Primus' criminal history points due to his convictions total to 5. As a result, he is criminal history category **III**.

With a total offense level of **27** and criminal history category of **III**, Primus' sentencing guideline range is **87 to 108** months imprisonment. However, because the statutorily authorized maximum sentence of four years is less than the minimum of the applicable guidelines range, the guideline term of imprisonment is **48** months pursuant to U.S.S.G. § 5G1.1(a). PSR ¶ 109. For the reasons stated below, a 48-month imprisonment recommendation is necessary here to achieve the goals of sentencing.

### Factors Set Forth in 18 U.S.C. § 3553(a)

Under § 3553(a), "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The government believes the following 3553(a) factors are most relevant in this case:

**I.   Nature and Circumstances of the Offense (3553)(a)(1))**

As noted in the stipulated facts of the plea agreement, starting in April 2020, investigators from the Drug Enforcement Administration ("DEA"), began a drug investigation in West and Northwest Baltimore, Maryland. As part of the investigation, the DEA obtained authority to intercept the wire and electronic communications of several individuals. Among the intercepted phone lines was that of Ronald White – the leader of the drug trafficking organization (DTO) and a significant source of supply for cocaine, fentanyl, and other controlled dangerous substances (CDS). During the course of the investigation, law enforcement observed Primus and White having multiple calls discussing drug distribution. For example, on April 22, 2021, White called Primus and said, "Call your man and ask him if I can get five of them, five." When Primus asked how much White wanted, he said 36. The two men then confirmed "COD," or "cash on delivery," meaning cash would be paid when the product was received. Investigators knew this exchange to be one of several intercepted drug related discussions between Primus and White. Primus was making White aware that Primus could obtain large amounts of drugs for him to purchase.

Moreover, this Court cannot evaluate Primus' actions in this conspiracy without also considering the seriousness of White's actions. On April 29, 2021, a search warrant was executed at an apartment used by White to store his drug proceeds. Investigators recovered a money counter, Pyrex jars, sifters, rolls of tape, and heat-sealing equipment. From a safe located in the bedroom closet, investigators seized $549,000 in heat sealed bundles, which is consistent with the money being drug proceeds from drug trafficking. Investigators also searched a stash location used by White where they recovered equipment used to package narcotics including: a hydraulic kilogram press, digital scales, and a powder commonly used as a cutting agent for heroin and fentanyl. Investigators also recovered the following narcotics: 242 grams of cocaine base, 43 grams of cocaine, 3724 grams of cocaine separately packaged, and 3975 grams of fentanyl. At a different

location, investigators executed a search warrant on White's vehicle, from which officers recovered an additional 150 grams of fentanyl.

Based on the significant quantity of drugs White possessed with the intent to distribute, it demonstrates the similar large scale of Primus' access to drugs. As agreed to in the defendant's stipulation of facts, the underlying conspiracy involved at least five kilograms of cocaine, a schedule II controlled substance. Make no mistake, Primus' actions were not a one-time deal. Much to the contrary, Primus had placement, access, and the intent to make large quantities of drugs available for distribution. His actions here were extremely serious.

## II.     History and Characteristics of the Offender (3553(a)(1))

While the seriousness of the offense counsels in favor of a 48-month sentence, Primus' history and characteristics, including his poor performance while on pre-trial release in this case, further supports the highest possible sentence here.

The defendant's criminal history dates back to 1998 when he was 18 years old, at which time he as convicted of Assault in the Second Degree and sentenced to probation before judgment. PSR ¶ 40. The next few years of his life are littered with various theft and assault related offenses. But in 2008, the defendant was convicted of his most serious offense up to that point: a federal conviction in the Central District of California for violating 21 U.S.C. § 846. PSR ¶ 46. For that conviction, he was sentenced to 60 months imprisonment plus four years of supervised release. Besides the fact that that offense is strikingly similar to the instant offense, it is also noteworthy that Primus subsequently violated the conditions of his supervised release twice in that case. Specifically, he was arrested, and subsequently convicted, in 2015 for Assault with Significant Bodily Injury in Washington D.C. and sentenced to 10 months confinement, which was suspended. PSR ¶ 47. He was also arrested, and subsequently convicted, in 2016 of Theft of Value Less Than $650 in Las Vegas, Nevada and sentenced to 6 months confinement, which was suspended. PSR ¶ 48. The instant offense was committed while the defendant was on probation for the aforementioned two conviction. PSR ¶ 50. Primus has a troubling history of disregarding Court orders and flouting the conditions of his supervised release. That trend did not stop with this case.

During the pendency of this case, five separate Notices of Apparent Violations have been filed against Primus. PSR ¶¶ 9-13. And while some of the charges have since been dismissed, he has been arrested four separate times with a total of eight felony charges. PSR ¶ 8. The most concerning of these violations was Notice of Apparent Violation #4, which stems from Primus being charged on January 5, 2024 in Prince George's County, Maryland with First Degree Assault. PSR ¶ 12. He was subsequently indicted for these actions and tried in November 2024; a mistrial was declared, and Primus will be re-tried in June 2025. The underlying facts from this incident are egregious: while attending his son's basketball game, Primus got into an altercation with a 17-year-old boy, punching him in the face and causing a concussion, substantial bleeding, and fractures to the boy's nose and face. Meanwhile, a second individual simultaneously pointed a firearm in the boy's face. The incident was captured on cell phone video, and still images from that video were provided to the Court for a February 2, 2024 detention hearing. ECF Nos. 406-07. The defendant was released over the government's objection. What is clear from the defendant's

criminal history as well his behavior while on pre-trial release in this case is that he does not follow Court orders or abide by conditions of release.

At the same time, and unfortunately unlike many defendants before this Court, Primus had an altogether stable upbringing with opportunities for education and self-betterment. His mother was a social worker, and her partner was employed as a paralegal in Washington D.C. PSR ¶ 82. Primus graduated from Notre Dame Academy in Middleburg, Virginia (PSR ¶ 93); received a basketball scholarship to play at the University of Pittsburgh (PSR ¶ 87); transferred to Baron County Community College in Great Bend, Kansas (PSR ¶ 94); and ultimately graduated from East Carolina University with a Bachelor of Arts in Communications (PSR ¶ 95). Primus even earned credits towards a master's degree and obtained a Special Education teaching certificate. PSR ¶¶ 96-97. For much of the 2000s, Primus was employed as a teacher at various schools. PSR ¶¶ 99-102. Even his half-siblings have successful careers, employed as a police officer, high school teacher, case manager, and military veteran. PSR ¶ 83. All of this makes Primus' involvement in drug distribution more disappointing. He was given opportunities that many defendants before this Court do not have, further support for a sentence at the highest possible end of the agreed upon range.

### III. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant (3553(a)(2))

A case like this one requires a substantial sentence that will reflect the seriousness of the offense, deter crimes by other potential drug traffickers, and protect the public from future such crimes by the defendant. As described in detail in the section above, this Court must hand down a sentence that will serve to specifically deter Primus from committing similar criminal activity in the future. The sentence must also underscore for the greater community that drug distribution is dangerous and will not be tolerated. A sentence of 48-months imprisonment will achieve these goals.

### IV. The Kinds of Sentences Available (3553(a)(3))

The "kind of sentences available," 18 U.S.C. § 3553(a)(3), includes imprisonment. Given that eight co-conspirators have been sentenced in this case, it seems appropriate to provide a chart detailing the sentences to date to avoid unwarranted sentence disparities among the co-defendants with similar records and similar conduct and to provide the Court some guidance as to how co-defendants in this case have already been sentenced.

| Defendant | Charges in Superseding Indictment | Role | Criminal History/Score | Sentence |
|---|---|---|---|---|
| Eric Wilson | Cts 1, 14, 15 (drugs) | Source of supply/search warrant drugs | IV (Poss/4 Felony CDS, Misd) | 72 months |
| Thomas Jones | Cts 1, 3, 4, 5 (drugs/gun) | Customer and associate of Ronald White | III (3 Felony CDS, theft) | 132 months |

4

| Khyle Paige | Cts 1, 7, 8 (drugs) | Customer of Wilson | I (Misd DWI) | Time served |
| --- | --- | --- | --- | --- |
| Jimmye Howard | Ct 13 (money laundering consp) | Money Laundering | II (PWID) | 18 months |
| Eugene Link | Ct 6 (Possession with Intent to Distribute Marijuana) | Source of marijuana supply for White | III (2011 Gun Possession, 2012 PWID Conspiracy) | 3 years-probation |
| Kevin Fuller | Ct 1 (drugs) | Customer and associate of Ronald White | III (PWID; DWI) | 72 months |
| Keith Smith | Cts 1 and 9 (drugs) | Customer and associate of Ronald White | VI (PWID; PWID) | 72 months |
| Ronald White | 1, 11, 12, 13 (drugs/money laundering conspiracy) | Main target and source of supply for DTO | II (21 USC 846) | 132 months |

It is also worth noting that according to the Judiciary Sentencing Information (JSIN) provided in the PSR, for the last five fiscal years, there were 137 defendants whose primary guideline was U.S.S.G. § 2D1.1; powder cocaine was the primary drug type; the total offense level was 27; and the criminal history category was III. For these defendants, the average length of imprisonment was 94 months, and the median length was 90 months. A sentence of 48 months, while the highest allowable under the plea agreement, is still substantially less than the average and median sentences for individuals in Primus' situation.

In summary, the government believes that Primus' conduct, in combination with his character and history, particularly during the pendency of this case, is adequately reflected by the recommended sentence of 48 months imprisonment. Such a sentence is also sufficient to provide both a general and specific deterrent effect and avoid unwarranted sentencing disparities.

The government thanks the Court for its consideration of this matter.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____/s/_____
James G. O'Donohue
Assistant United States Attorney

cc:   Courtney Francik, Esq.
      Patricia Richman, Esq.
      Manisha Garner, U.S. Probation Officer